**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.   1:23mj02883 Becerra

**IN RE: CRIMINAL COMPLAINT**

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ Monica K. Castro
Monica K. Castro
Assistant United States Attorney
Court ID No. A5502776
99 N.E. 4th Street, Miami, FL 33132
(305) 961-9013
monica.castro@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>JUAN DAVID OTERO-GUEVARA,<br><br>_Defendant(s)_ | )<br>)<br>) Case No.  1:23mj02883 Becerra<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 6, 2023__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 545 | Smuggling Goods into the United States |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_

Wilfredo Gonzalez, Special Agent HSI
_Printed name and title_

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__

Date: May 8, 2023

_Judge's signature_

City and state: Miami, Florida    Honorable Jacqueline Becerra United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Wilfredo Gonzalez, being duly sworn, hereby deposes and states the following:

## INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since 2022. I graduated from the Criminal Investigator Training Program and HSI Special Agent Training, at the Federal Law Enforcement Training Center, in Glynco, Georgia, in 2023. Prior to my tenure as a Special Agent, I worked for Customs and Border Protection ("CBP") for approximately seven years. I worked at Miami International Airport for approximately four years and at JFK International Airport for approximately three years as a CBP Officer. I earned a bachelor's in criminal justice from Monroe College located in Bronx, New York.

2. As a Special Agent with HSI, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19, and 21 of the United States Code. In my current capacity, I am responsible for conducting criminal investigations involving narcotics, money laundering, fraud, smuggling, and related offenses contained in Titles 8, 18, 19, and 21 of the United States Code. I have participated in numerous investigations involving these violations and I am familiar with methods and practices of persons accused of such crimes.

3. The facts set forth in this Affidavit are based on my personal knowledge, as well as documents provided to me in my official capacity, information obtained from other individuals,

including officers, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this Affidavit is submitted solely for the purpose of establishing probable cause, it does not contain all the information known about this investigation.

4. As more fully described below, I respectfully submit that there is probable cause to believe that Juan David Otero Guevara ("OTERO") knowingly committed a violation of Title 18, United States Code, Section 545 (smuggling).

## PROBABLE CAUSE

5. On May 6, 2023, OTERO arrived at Miami International Airport on American Airlines Flight 1142 from Cali, Colombia. OTERO was in possession of one carry-on piece of luggage consisting of a black duffel bag.

6. Federal law requires individuals to declare certain items, including gold, to CBP officers upon entry into the United States. At the inspection point, OTERO completed a binding United States Customs Declaration Form 6059B (hereinafter, "Form 6059B"). Therein, OTERO stated that he did not have any commercial merchandise and did not identify that he had acquired or purchased any goods abroad. OTERO signed the form, which included an affirmation that he had read the instructions on the form and had made a truthful declaration.

7. After he completed the form, OTERO was asked multiple times whether he had any commercial merchandise to declare. OTERO then declared that he had some sweets and medicine that he was bringing into the United States. OTERO was asked if he had anything further to declare and answered in the negative.

8. CBP officers selected OTERO for a secondary inspection. Upon a search of OTERO's single carry-on bag, law enforcement discovered two (2) purses located inside the bag. A yellow-colored metal shoulder strap was attached to each of these purses. Inside each purse, was a separate shoulder strap, which appeared to be the original shoulder strap to the purses. It appeared these original shoulder straps had been removed from the purses and replaced with the metal yellow-colored straps.

9. CBP officers also noticed that OTERO was wearing a silver chain around his neck. This chain had a rough appearance, and it did not appear to be finely finished as jewelry typically is. When CBP officers asked about the chain around his neck, OTERO told CBP officers that he purchased it about two years ago. OTERO subsequently changed his story and told CBP officers that he purchased the chain around one year ago.

10. CBP officers asked OTERO about the two (2) purses found inside his duffel bag. OTERO stated that he obtained the purses from his mother in Cali, Colombia as a gift to his girlfriend in the United States. Upon further examination of the purses, CBP officers discovered the yellow-colored metal chains on the purses were unusually heavy. When CBP officers asked OTERO about the composition of the chains, he claimed the chains originally came with the purses. Upon further questioning, OTERO stated the chains were made from gold.

11. CBP Officers asked about the chain around his neck, at that point OTERO stated the chain around his neck was also made from gold.

12. CBP officers used an X-Ray Fluorescence Spectroscopy (XRF) to determine if the yellow-colored chains connected to the purses were made of gold. The chains tested positive for gold ranging from (89% to 99.99% Au (gold) +/- 16) and weighed approximately 1.310 kg.

13. At the time OTERO attempted to enter the United States on May 6, 2023, he had a total of 1.310 kg of gold in his possession with an estimated value of $92,000 as of that date.[1] A photograph of the four (4) gold chains OTERO failed to declare are depicted below:



14. During a Post-*Miranda* interview, OTERO admitted he had prior knowledge that all the chains he attempted to bring into the United States on May 6, 2023, including the chains attached to the purses in his carry-on luggage, were made of gold.

15. OTERO further admitted that his original statements to CBP—that the purses were a gift for his girlfriend and that he had purchased his necklace one to two years ago—were false. OTERO stated he received the purses and chain around his neck in Cali, Colombia. OTERO further stated that an associate ("Associate 1") coordinated to have the chains delivered to him on behalf of a second individual ("Associate 2"). OTERO stated that the people who delivered the purses

---

[1] The price of gold fluctuates. Agents determined the current price of gold based on publicly available information for the price of gold on the date and time that OTERO entered the United States.

4

and chain to him were the ones who assembled the chains on the purses. OTERO stated that upon delivery of the gold chains in the United States, he was to be compensated with $700 in cash.

16. OTERO further admitted that, on April 19, 2023, he previously imported a chain with an estimated value of $20,000 into the United States. which he did not declare to CBP. OTERO stated the chain he imported also belonged to Associate 2. For the importation of that chain, OTERO stated he was compensated with $500 in cash.

17. OTERO was asked about the 6059B which he filled out in front of CBP Officers. OTERO admitted that he never declared the gold to CBP even though he was given multiple chances to amend his declaration. During the inspection conducted by CBP, OTERO provided false statements regarding the origins of the purse and necklace with the intent to deceive the CBP officer.

18. In sum, OTERO was required to declare all commercial merchandise in his possession to CBP upon entry into the United States. He failed to declare the gold disguised as purse straps and necklace which he had on his person which were valued at a total of approximately $92,000. OTERO also provided false statements to CBP regarding the origin of the chains and admitted to omitting that information on the 6059B.

19. WHEREFORE, based on the aforementioned facts, your Affiant believes that probable cause exists that OTERO, did knowingly and willfully, with the intent to defraud the United States, attempt to smuggle and clandestinely introduce into the United States, from a place outside thereof, any merchandise, that is, approximately 1.310 kilograms of gold, with an

estimated value of $92,000 on that date, which should have been declared, in violation of Title 18, United States Code, Section 545 (smuggling).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Wilfredo Gonzalez
Special Agent
Homeland Security Investigations

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this __8th__ day of May, 2023.

_____
HONORABLE JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE